IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 17, 2004

## STATE OF TENNESSEE v. BUSTER CHANDLER

**Appeal from the Criminal Court for Knox County**
**No. 76900     Mary Beth Leibowitz, Judge**

---

**No. E2003-02619-CCA-R3-HC - Filed December 3, 2004**

---

Aggrieved of the summary dismissal of his petition for *habeas corpus* relief, the petitioner appeals. Based upon *Roger L. Hickman v. State*, ___ S.W.3d ___, No. E2002-01916-SC-R11-PC (Tenn., Knoxville, Sept. 2, 2004), we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ, joined.

Mark E. Stephens, District Public Defender; Mary Ellen Coleman, Assistant District Public Defender, for the Appellant, Buster Chandler.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner, Buster Chandler, filed a 2003 petition for *habeas corpus* relief from his *circa* 1988 Knox County Criminal Court conviction of misdemeanor assault. The petition recites that the conviction resulted in a probated eleven-month, 29-day sentence. In his petition, he alleged that the conviction court violated his constitutional rights in denying him the right of allocution during his sentencing hearing. On October 16, 2003, the court dismissed the petition, after finding that the petitioner alleged "no grounds for [a] writ of habeas corpus." The petitioner filed a timely notice of appeal.

We affirm the summary denial of *habeas corpus* relief. In our view, the petition failed to state a legal cause of action for a writ of *habeas corpus*.

The petitioner is not restrained of his liberty for purposes of entitlement to a writ of *habeas corpus*. *See* Tenn. Code Ann. § 29-21-101 (2000) (requiring *habeas corpus* claimant to be

imprisoned or restrained of liberty). Apparently, the petitioner is incarcerated in Kentucky as a result of convictions in that state. His probated eleven-month, 29-day sentence has long since expired. As such, his imprisonment or restraint is at most "a collateral consequence of the challenged [assault conviction]." *See Roger L. Hickman*, ___ S.W.3d at ___, slip op. at 6. In *Roger L. Hickman*, our supreme court held that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." *Id.* at ___, slip op. at 7. Even though the petitioner may be restrained in another jurisdiction as a result of "the challenged judgment [enhancing] the sentence imposed on a separate conviction," the resulting imprisonment "is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." *Id.*

Accordingly, the dismissal of the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE